# LEVERETT S. CHITTENDEN

## *v.*

# JOHN EVANS.

1. VERDICT — *form.* Where a jury returns a verdict good in substance, but informal, the clerk may reduce it to form, under the direction of the court. If the party against whom it is rendered regards the amendment substantial he should raise and preserve the question in a bill of exceptions. He can not raise the question for the first time in the appellate court.

2. INSTRUCTIONS — *improper.* Instructions which are argumentative, or only present a partial view of a case, are improper, and should not be given, as tending to mislead the jury.

3. NEW TRIAL — *verdict against the evidence.* Where the evidence is conflicting, and three juries have all found the same way, the verdict will not be disturbed unless the finding is palpably against the evidence.

APPEAL from the Circuit Court of DuPage county; the Hon. SILVANUS WILCOX, Judge, presiding.

The opinion states the case.

Mr. CHARLES WHEATON, for the appellant.

Mr. CHARLES BLANCHARD, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was an action brought by appellant, before a justice of the peace, against appellee, for the recovery of a colt. The trial before the justice of the peace, resulted in a judgment in favor of defendant. The case was removed, by appeal, to the Circuit Court of Kendall county, and the venue was subsequently changed to DuPage county, where a trial was had before the court and a jury, with the same result. The case

is brought to this court by appeal, and a reversal is asked on several grounds.

It is first insisted, that the court below erred in changing the verdict after it was brought into court by the jury. The verdict upon which the judgment is rendered is formal in all respects. But at another page of the record, it appears that the jury returned a verdict not altogether formal, and the clerk was ordered to put it in form. It appears that the affidavit on which the writ issued, alleged that appellant was the owner of the colt; and the verdict, as returned by the jury, found the issue for appellee. This was substantially responsive to the issue, so far as we can see, and we are not prepared to hold that it would not have supported the judgment without alteration. But by the twenty-fourth section of the practice act it is declared that, "It shall be sufficient for the jury to pronounce their verdict, by their foreman, in open court, without reducing the same to writing, and the clerk shall enter the same, in form, under the direction of the court." Under this provision it is believed to have been the uniform practice in the courts of this State, ever since the adoption of this act, to have verdicts, substantially good but defective in form, reduced to proper form by the clerk, under the direction of the court. Nor do we see that any possible injury can result from such practice. If not satisfactory to the party against whom it is rendered, and he desires to present the question, whether the change is substantial, he should raise and preserve the question in a bill of exceptions. Appellant has failed to do so in this case, and he can not raise the question, for the first time, in this court.

It is next objected that the court erred in refusing to give a portion of the instructions asked by appellant. The court below properly refused these instructions, because they were argumentative. They announced no rule of law governing the case, and only group together a portion of the facts in the case, and inform the jury what their verdict should be if they

believe these facts to have been proved.  The instructions in the form they were asked, were objectionable, and well calculated to mislead the jury, by presenting a part of the case for their consideration, and giving undue prominence to portions of evidence.  Those given presented the case fully and fairly to the jury, and we do not see that they could have been aided in arriving at the truth by giving those that were refused.

It is, lastly, insisted, that the evidence does not sustain the finding of the jury.  As is always true when the question of the identity of property is involved, there is a conflict in the evidence.  But when it is all considered, we must hold that it supports the verdict.  After three juries have successively found the same way, we should hesitate to disturb their finding, unless it was palpably against the evidence.  We do not find that to be the case on this record, and the judgment of the court below must be affirmed.

*Judgment affirmed.*